IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RUSSEL ROS**,<br><br>            Petitioner,<br><br>    v.<br><br>**ERIN E. REYES**,[1]<br>Superintendent,<br>Two Rivers Correctional Institution<br><br>            Respondent. | Case No. 2:17-cv-616-SB<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation (F&R) in this case on July 1, 2022, recommending that the Court deny Petitioner's Third Amended Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability. ECF 100. Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

---

[1] Petitioner notes that he has been transferred to Two Rivers Correctional Institution, which is led by superintendent Erin E. Reyes, and therefore Ms. Reyes is the appropriate Respondent in this case. The Court substitutes Ms. Reyes as respondent in place of Garrett Laney, Superintendent of Oregon State Correctional Institution, as previously captioned.

PAGE 1 – ORDER

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although absent objections no review is required, the Act "does not preclude further review by the district judge[] sua sponte . . . under a de novo or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Petitioner Ros timely objected to the F&R. Petitioner first objects to the conclusion that, under *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner failed to overcome the procedural default of his ineffective assistance of counsel claim. This claim is based on trial counsel's failure to object during a pretrial hearing discussing the requirement that the mother of the child victims be present at trial. The Court has reviewed Petitioner's claim *de novo*. The Court agrees with, and adopts, Judge Beckerman's analysis. Petitioner's claim is based on statements given by the trial court admonishing the witness to be available and, as Judge Beckerman points out, there is no evidence that a contemporaneous objection by trial counsel to those statements would have been sustained by the trial court. Thus, Petitioner fails to show the requisite prejudice.

Petitioner next objects to the conclusion in the F&R that Petitioner's claim of vouching fails to meet the *Martinez* standard. The Court has reviewed this issue *de novo* and adopts this portion of the F&R. Petitioner's third objection is that Judge Beckerman erroneously concluded that Petitioner failed to show actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995), either to overcome procedural default or to receive substantive relief. Petitioner states that he "acknowledges the legal standards articulated" by Judge Beckerman but objects to the conclusion that he does not meet those standards. Petitioner, however, offers no argument or reason to depart from the analysis contained in the F&R. Judge Beckerman correctly analyzed that Petitioner's new evidence amounted to a self-serving declaration and the affidavits of family and friends, all executed many years after trial, which cannot support relief based on claimed actual innocence. The Court adopts this portion of the F&R.

Petitioner also objects that if the Court can consider his ineffective assistance of counsel claims under the actual innocence gateway, then Petitioner objects to the F&R's denial of his claim relating to the presentation of evidence of autism and requests that the claim be considered under the actual innocence gateway. Because the Court adopts Judge Beckerman's conclusion foreclosing the actual innocence gateway, Petitioner's request that his claim relating to the autism evidence should be considered under the actual innocence gateway also is foreclosed.

Petitioner's fifth objection is that Judge Beckerman erred in rejecting Petitioner's claim that his statements to law enforcement were involuntary and thus violated Petitioner's Fifth Amendment rights and in determining that the state court was entitled to deference on this point. Judge Beckerman found that the Oregon court correctly applied relevant law to determine whether a confession is involuntary and also found that the trial court's determination did not fall outside a reasonable application of clearly established Supreme Court precedent. The factual

discussion in the F&R, including that Petitioner was advised of his *Miranda* warnings before each statement and did not experience any apparent coercive police activity, shows the reasonableness of the trial court's determination that Petitioner's statements were voluntary. The Court adopts this portion of the F&R.

Petitioner's sixth objection is to the F&R's rejection of Petitioner's claim that the trial court erred in failing to remove an outdoor sign on courthouse grounds acknowledging National Child Abuse Prevention Month during trial. The Court has reviewed this issue *de novo* and adopts this portion of the F&R. Petitioner's final objections challenge the F&R's denial of his claim based on cumulative error and the recommendation that the Court deny the petition without a certificate of appealability. The Court has considered these remaining objections *de novo* and adopts these portions of the F&R. For those portions of the F&R to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent, and the Court adopts those portions of the F&R.

## CONCLUSION

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 100. The Court DENIES Petitioner's Third Amended Petition for Writ of Habeas Corpus, ECF 74. The Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 7th day of December, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge